UNITED STATES DISTRICT COURT

District of Minnesota

RECEIVED
BY MAIL
FEB 12 2024

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS. MINNESOTA

AFFIDAVIT FOR
EXHIBIT CC:
DEVICES GIVEN TO CFS

SCANNED
FEB 12 2024
U.S. DISTRICT COURT MPLS

Stephen Allwine

Plaintiff/Petitioner

v.

William Bolin, Warden of MCF-Stillwater

Defendant/Respondent

Case Number:
24-cv-439 (JRT/DLM)

I, Stephen Allwine, deposes and says I have personal knowledge of the following:

1. I am the Petitioner, having filed a Petition for Habeas Corpus Relief
   in this court.

2. This is a list of all the devices that the State provided to Computer
   Forensic Services (Mark Lanterman's company).

3. It is documented by Nate Dittmar of Computer Forensic Services (CFS).

4. The actual devices were given to CFS by the State, not copies or images.

5. Detective Raymond stated that forensics are done on an image of the
   actual device so that nothing can be written to the device. If the
   job of CFS was strictly to do forensics on the devices then they could
   have accomplished that with images and they did not need the actual
   devices. At which point, the devices would still be protected in evidence
   and would have been available for the defense to examine as well.

6. When the State provided the original devices to CFS, CFS was now able
   to modify the original device; therefore, the State lost chain of custody
   on the evidence. There is no proof that the devices remain in the same
   state in which they were retreived from the Petitioner.

7. By providing the original devices to CFS, the State effectively eliminated
   the Petitioner's ability to analyze the devices. When the Petitioner

1

requested copies of the devices for analysis, CFS said that they would
make a copy at a cost of at least $750/image (Appendix 21). With 66
devices that is a total of almost $50,000, and the Petitioner is indigent.

9. The lower courts refused to provide the Petitioner with funds to obtain
this evidence, violating the Petitioner's Equal Protection rights.

10. When the Petitioner requested the actual devices from CFS (rather than
having them make copies), CFS said that it had to be approved by the
State, and the State said that they couldn't release the devices while
appeals are ongoing. The State is purposely forestalling any use of
the evidence by the Petitioner until all appeals are exhausted.

11. The State violated the Petitioner's Sixth Amendment Compulsory Process,
because without access to the evidence he would be unable to obtain
a computer forensics expert to testify on his behalf.

12. The State violated the Confrontation Clause of the Sixth Amendment,
because without access to the evidence the Petitioner would not have
the data required to impeach or even properly crossexamine Mr. Lanterman
(the State's expert witness, who did have access to the devices).

13. The evidence being withheld by CFS (and by proxy, the State) is material
and favorable evidence to prove the Petitioner's inncence, and to
impeach the State's witnesses.

14. Item 004 (Samsung S5 SM-6900V) contains the Petitioner's Bitcoin address
that would show that he did not send any funds to Besa Mafia.

15. Item 022 (Lexar 32 GB SD) contains the date and time stamped photos
of Dean Cranston mowing his lawn across the street on 11/13/16. Dean
Cranston was the witness that saw Amy alive, alone, and functioning
normally in the garage at 4:40pm (over an hour after the State claimed
that she died). The State told the jury that he was mistaken and saw

2

her on a different day (in violation of Napue v. Illinois). This is
exonerating and impeaching evidence.

16. These devices also contain Amy's laptop and phone, and the Petitioner's
laptops and phones which were used as evidence against the Petitioner.
These likely contain additional exonerating evidence. For example,
the State claims that the Petitioner did no work on Sunday afternoon.
The Petitioner's work laptop would have the client logs for his instant
messaging application which would demonstrate that the Petitioner was
connected (not idle) to the Jabber server (the instant messaging platform).
If the Petitioner was away from this computer for more than 5 minutes
at a time his Jabber status woudl change to idle, and his supervisor
would be notified and attempt to track him down. This would prove he
was at his computer and did not have an opportunity to kill Amy and
clean the crime scene (as claimed by the State). This evidence would
be impeachment evidence against Detective Raymond (the State's witness).

17. As such, an evidentiary hearing should be granted to the Petitioner
to put testimony in the record regarding why these devices were given
to CFS and the impact of that decision on the trial and the Petitioner's
Constitutional rights. This material is required to fully and completely
present the Petitioner's arguments on Prosecutorial Misconduct and
abuse of discretion by the lower court judges.

I, the undersigned, hereby affirm under penalty of perjury that the above
and foregoing statements are true and correct, to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT.

Subscribed and affirmed to this 7th day of February , 2024.

3

Date: **2 - 7 - 24**

Name: Stephen Allwine #256147
Address: MCF-Stillwater
970 Pickett St. N.
Bayport, MN 55003-1490

This document was placed in the prison mail system on the date listed above
and is deemed to be filed on that date. (Houston v. Lack, 487 U.S. 266, 275-76
(1988); Grady v. United States, 269 F.3d 913, 916 (8th Cir. 2001))

4