UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Allwine,

    Petitioner,

v.

William Bolin, Warden of MCF Stillwater,

    Respondent.

No. 24-cv-439 (JRT/DLM)

**ORDER**

Before the Court are Petitioner Stephen Allwine's Motion to Compel (Doc. 34) and Motion for an Evidentiary Hearing (Doc. 35). Respondent opposes both motions. (Docs. 57 (Response in Opposition to Motion for an Evidentiary Hearing), 58 (Response in Opposition to Motion Compel).) This case comes before the Court under the Rules Governing Section 2254 Cases in the United States District Courts and has been referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for resolution of non-dispositive motions. For the reasons explained below, the Court denies Mr. Allwine's Motion to Compel and Motion for an Evidentiary Hearing.

## BACKGROUND

Mr. Allwine was convicted in Minnesota state court of First-Degree Murder for the November 13, 2016 death of his wife. *State v. Allwine*, 963 N.W.2d 178 (Minn. 2021); *Allwine v. State*, 994 N.W.2d 528 (Minn. 2023). He is incarcerated at Minnesota Correctional Facility-Stillwater ("MCF-Stillwater"). After two unsuccessful state appeals, Mr. Allwine now petitions the Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

1

2254. (Doc. 2.) Mr. Allwine raises multiple claims for habeas relief based on various alleged Fifth, Sixth, and Fourteenth Amendment violations. (*See generally id.*) However, relevant to the present motions are Mr. Allwine's claims of *Brady*[1] and *Napue*[2] violations, ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. In his Motion to Compel, Mr. Allwine moves the Court for an Order compelling "the State of Minnesota, the Washington County Prosecutor's Office, the Cottage Grove Police Department, the Ramsey County Medical Examiner's Office, and Computer Forensic Services to produce any and all evidence related to the items" outlined in the motion. (Doc. 34 at 1.) In his Motion for an Evidentiary Hearing, Mr. Allwine moves the Court for "an evidentiary hearing on his claims of ineffective assistance of counsel and prosecutorial misconduct." (Doc. 35 at 1.) The Court considers both motions below.

## ANALYSIS

**I.    MR. ALLWINE'S MOTION TO COMPEL.**

The Court first examines Mr. Allwine's Motion to Compel. Mr. Allwine asks the Court for an order compelling various items of discovery which he argues will help him establish constitutional violations in support of his habeas petition. Respondent counters that Mr. Allwine's motion should be denied because his habeas claims are procedurally defaulted, and even if his claims were not procedurally defaulted, Mr. Allwine has failed to establish good cause for discovery.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).
[2] *Napue v. Illinois*, 360 U.S. 264 (1959).

"A habeas petitioner [such as Mr. Allwine], unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). But under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a) Leave of Court required, Rules Governing Section 2254 Cases. "The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" *Rucker v. Norris,* 563 F.3d 766, 771 (8th Cir. 2009) (quoting *Bracy*, 520 U.S. at 909); *See also Carridine v. Richous*, No. 15-cv-4167 (JRT/FLN), 2016 WL 7480710, at *7 (D. Minn. July 6, 2016), *R. & R. adopted,* WL 7477758 (D. Minn. Dec. 29, 2016).

Here, Mr. Allwine has failed to establish good cause for an order compelling discovery because he has failed to show that if the factual bases of his allegations were fully developed, he would be entitled to habeas relief.[3] The Court addresses each of Mr. Allwine's discovery requests below.

**A.     Trail camera images from November 13, 2016.**

Mr. Allwine first asks the Court for an order compelling trail camera images from November 13, 2016—the day his wife died. Mr. Allwine claims these images are necessary

---

[3] Because good cause disposes of Mr. Allwine's motion, the Court declines to address Respondent's procedural default arguments at this time and focuses its analysis on good cause.

3

because "they provide date and time-stamped evidence of [a neighbor's] eyewitness testimony" in which he claims to have seen the victim alive on the day she was murdered. (Doc. 34 at 5.) He argues that the images support his position that he did not drug the victim; that she was killed after Mr. Allwine left their home; and "the State engaged in misconduct by impeaching a defense witness that they knew was telling the truth." (*Id.* at 7.) But Mr. Allwine has not established good cause for an order compelling the production of these images.

Mr. Allwine does not dispute that information contained on the trail camera was disclosed to him in writing during the state court proceedings against him, *Allwine II*, 994 N.W.2d at 543, and he offers no reason why the written description of the images is insufficient. Nor has Mr. Allwine explained that such discovery would entitle him to habeas relief. Accordingly, Mr. Allwine has failed to establish good cause to compel the production of the trail camera images.

**B.      A hard copy of Investigator Jonathan Banks's notes.**

Mr. Allwine next moves the Court for an order compelling the production of a hard copy of Ramsey County Investigator Jonathan Banks's notes and emails about the investigation into the victim's death. Investigator Banks examined the victim's body at the scene on the evening of her death. Mr. Allwine asserts that Investigator Banks's notes and emails are necessary to demonstrate the ineffectiveness of his trial counsel and establish the victim's time of death. But Mr. Allwine has not established good cause for an order compelling the production of such documents.

For his habeas petition to prevail on an ineffective assistance of counsel claim, Mr. Allwine must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, not merely a conceivable likelihood of a different result, *Cullen v. Pinholster,* 563 U.S. 170 (2011). Even if Mr. Allwine could establish unprofessional errors by his trial counsel, he has not explained how the requested discovery will establish a reasonable probability that the trial's outcome would have been different, but for trial counsel's alleged errors. Mr. Allwine has not shown how the requested discovery will entitle him to habeas relief and therefore has not shown good cause for an order compelling the production of hard copies of Investigator Banks's notes and emails about the victim's death.

**C.     Hard copies of Petitioner's Bitcoin address from his cellphone and an image of the Petitioner's phone.**

Next, Mr. Allwine requests an order compelling production of his Bitcoin address, as well as an image of his cellphone. Mr. Allwine asserts that this "evidence is both exculpatory evidence and impeachment evidence" and was suppressed by the prosecution, presumably constituting a *Brady* violation. (Doc. 34 at 8, 9.) To establish a *Brady* violation, Mr. Allwine must show that the evidence was suppressed by the prosecution, it was favorable to him as either exculpatory or impeaching, and the evidence was material to the outcome of the proceedings. 373 U.S. at 87. But Mr. Allwine offers no evidence, beyond his own assertions, that the evidence he seeks was suppressed by the prosecution, or that it

5

was either exculpatory or impeaching. He also offers no evidence that the discovery he requests was material to the state court proceedings. Because Mr. Allwine fails to establish evidence of a *Brady* violation, he has failed to show how this discovery will help him prevail in this habeas action and has failed to establish good cause to compel its production.

**D.      Hard copies of "additional emails" from the FBI.**

Mr. Allwine next moves the Court for an order compelling the production of hard copies of "additional emails" between the screen name DogdayGod[4] and Besa Mafia[5] which are in the FBI's possession. (Doc. 34 at 9-10.) He contends that these emails will also help him establish a *Brady* violation. Although Mr. Allwine asserts that these additional emails are favorable to him, he provides no evidence of their suppression by the prosecution. Moreover, it is difficult to see how these emails might put the case in a different light or change the outcome of the trial considering not just the strength of the evidence but also the state's theory of the case that Mr. Allwine tried to put a hit out on his wife and once that didn't work killed her himself, which was supported by not just the computer forensic evidence but also the gunshot residue evidence. Thus, Mr. Allwine has not shown how the requested discovery will entitle him to habeas relief and therefore he has not shown good cause for an order compelling the production of hard copies of additional emails in the FBI's possession.

---

[4] DogdayGod is a screen name which the state alleged Mr. Allwine used to hire a hit on the victim.
[5] Besa Mafia is the dark web organization which the state alleged Mr. Allwine used to try to hire someone to kill the victim.

**E.      Hard copies of emails between the victim and FBI agents and a soft copy image of Petitioner's laptop.**

Mr. Allwine also seeks an order compelling the production of hard copies of emails between the victim and the FBI, and a soft copy image of his laptop. Mr. Allwine posits that these emails, and the image of his laptop are material impeachment evidence against the state's computer expert, which the prosecution suppressed in violation of *Brady*. He also asserts that "[the victim's] emails to the FBI also provide evidence directly from [the victim] that she believed [another person] was dogdaygod, which directly contradicts the State's theory." (*Id.* at 13.) But as with the additional emails in the FBI's possession, Mr. Allwine has neither produced evidence that these emails were suppressed by the prosecution, nor that the emails would change the outcome of the trial given the state's theory that Mr. Allwine killed the victim himself when the hit he hired fell apart, a theory supported by other computer forensic evidence and gunshot residue evidence adduced at trial. As a result, Mr. Allwine fails to show how the requested discovery entitles him the habeas relief and thus has not shown good cause for an order compelling their production.

**F.      List of cases in which computer forensic expert Mark Lanterman was qualified as an expert.**

Mr. Allwine also seeks an order compelling Mr. Lanterman to produce a list of every case in which he was qualified as an expert witness. Mr. Allwine contends that such a list will establish that Mr. Lanterman lied to the jury about his qualifications and constitutes impeachment evidence against Mr. Lanterman. Thus, according to Mr. Allwine, its production will establish another *Brady* violation by the prosecution. But again, Mr. Allwine offers no evidence that such a list will favor him, that the prosecution suppressed

7

this information, or that it would alter the outcome of the trial. Mr. Allwine has advanced no evidence to establish a *Brady* violation and has not explained how the requested discovery will help him prevail in this habeas action. Therefore, Mr. Allwine has not established good cause for an order compelling the production of a list of all the cases in which Mr. Lanterman has been qualified as an expert.

**G.   SuperAmerica surveillance video.**

Mr. Allwine next requests an order compelling the production of surveillance video from the SuperAmerica gas station that shows Mr. Allwine was not at the gas station, where he claimed to be, during the victim's murder. Mr. Allwine claims that the state either withheld this video in violation of *Brady*, or knowingly failed to correct false testimony about the video's contents in violation of *Napue*. But Mr. Allwine offers no evidence of a *Brady* or *Napue* violation. Indeed, he points out in his motion that the police reports which he received in discovery state that the prosecution never collected the SuperAmerica surveillance footage, making it difficult to see how the video could have then been suppressed by the prosecution. He also offers no evidence, beyond his own assertions, that the trial testimony about the video's contents was false or that prosecution knew it was false and failed to correct the record. As a result, Mr. Allwine has failed to show how the requested surveillance footage would help him establish that he is entitled to habeas relief.

**H.   Police reports.**

Next, Mr. Allwine requests an order from the Court compelling the state to produce copies of police reports listed in the state's discovery disclosure, "but yet never made it to Petitioner." (*Id.* at 17.) But Mr. Allwine's argument relies on speculation only. He

acknowledges that his own counsel may have the reports but failed to pass them along to him. And he offers no evidence that the prosecution suppressed the reports. Nor does he offer evidence that the substance of the reports is favorable to him or would have changed the outcome of the trial. Thus, he cannot establish a *Brady* violation. Because he does not explain how the requested reports will show that he is entitled to habeas relief, the Court finds that Mr. Allwine has shown no good cause for an order compelling the state to produce the requested police reports.

I.  **Hard copies of allegedly missing Bureau of Criminal Apprehension ("BCA") crime scene photos and BCA lab reports #1-10.**

Mr. Allwine next asks the Court for an order compelling the production of BCA crime scene photos and BCA lab reports allegedly missing from the prosecution's disclosures. Mr. Allwine alleges that he "received an electronic copy of the BCA photos that were taken at the scene" but "it was obvious that [some] photos were missing" and "[t]he pictures appear to be selectively pulled out by the State" in violation of *Brady*. (*Id.* at 18.) He also claims that "[t]he evidence disclosed as part of discovery does not include all 10 reports" which are allegedly related to "DNA and biological evidence from the scene." (*Id.* at 19.) But again, Mr. Allwine offers no evidence that the state suppressed these documents. Nor does he establish that the requested discovery is exculpatory or impeaching evidence, or that it would have changed the outcome of the trial. Mr. Allwine fails to explain how these documents will establish that he is entitled to habeas relief. Thus, he has not shown good cause for an order compelling the production of allegedly missing BCA crime scene photos and lab reports.

**J.      Soft copies of all incoming and outgoing call logs and text logs.**

Finally, Mr. Allwine asks the Court for an order compelling the production of soft copies of all incoming and outgoing call and text logs from five different phone numbers. He insists that these call and text logs will establish either a *Naupe* violation because a state witness falsely testified about a call which Mr. Allwine asserts did not take place; or a *Brady* violation because the call and text logs "would have been impeachment evidence to show that the Prosecution was encouraging their witness to lie on the stand." (*Id.* at 20.) But Mr. Allwine offers no evidence to show that these logs were either suppressed in violation of *Brady* or that the state knowingly failed to correct false testimony in violation of *Naupe*. He fails to explain how the requested call and text logs will help him establish that he is entitled to habeas relief. Mr. Allwine has therefore failed to establish good cause for an order compelling the production of the requested call and text logs.

*      *      *

Finding that Mr. Allwine has failed to show good cause for discovery, the Court denies Mr. Allwine's Motion to Compel in its entirety.

**II.     MR. ALLWINE'S MOTION FOR AN EVIDENTIARY HEARING IS DENIED.**

The Court next turns to Mr. Allwine's Motion for an Evidentiary Hearing in which he "moves this Court to hold an evidentiary hearing on his claims of ineffective assistance of counsel and prosecutorial misconduct." (Doc. 35 at 1.) Respondent again argues that Mr. Allwine is not entitled to an evidentiary hearing because his claims are procedurally defaulted. But even if his claims are not defaulted, Respondent insists that the Court should

deny Mr. Allwine's motion because "Petitioner only offers vague and unsupported allegations" and "fails to disclose what evidence would be submitted to support" his allegations. (Doc. 57 at 1, 6.) Mr. Allwine argues that an evidentiary hearing is necessary because he could not establish the factual bases of his claims in state court. The Court sets aside Respondent's procedural default argument for now and focuses its determination on the depth of the record and Mr. Allwine's claims.

In Section 2254 proceedings, "a determination of a factual issue made by a [s]tate court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of "of rebutting the presumption of correctness by clear and convincing evidence." *Id*. If the petitioner has failed to develop the factual basis of a claim in state court, a federal court will only hold an evidentiary hearing on the claim if the petitioner shows that—

> (A) the claim relies on— (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense

*Id.* § 2254(e)(2)(A)-(B). When determining whether to hold an evidentiary hearing, Rule 8 of the Rules Governing Section 2254 Cases directs courts to "review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7." Rule 8 Evidentiary Hearing, Rules Governing Section 2254 Cases in the District Courts. Courts in the Eighth Circuit have declined to hold an evidentiary hearing, where

> the magistrate determined that the record, containing [petitioner's] petition, the government's response, briefs, a Minnesota Supreme Court decision, and the trial transcript was sufficient for deciding [petitioner's] claims . . . [and]

11

petitioner offered only general allegations and failed to show what evidence he intended to present at the evidentiary hearing.

*Amos v. State of Minn.*, 849 F.2d 1070, 1072 (8th Cir. 1988) (upholding district court's denial of habeas petition without an evidentiary hearing).

The Court here has reviewed Mr. Allwine's petition, the government's responses, briefs, the two Minnesota Supreme Court decisions related to the state court proceedings, and voluminous exhibits provided by both parties. Moreover, Mr. Allwine has offered only general allegations and failed to show what evidence he would present at an evidentiary hearing if one were granted. Therefore, given the depth of the record, it does not appear that an evidentiary hearing is necessary to decide Mr. Allwine's claims. Accordingly, Mr. Allwine's Motion for an Evidentiary Hearing is denied.

## ORDER

Based on all the files, records, and proceedings in this case, **IT IS ORDERED** that:

1. Petitioner Stephen Allwine's Motion to Compel (Doc. 34) is **DENIED**; and

2. Mr. Allwine's Motion for an Evidentiary Hearing (Doc. 35) is **DENIED**.

DATED: August 30, 2024         s/Douglas L. Micko
                               DOUGLAS L. MICKO
                               United States Magistrate Judge