UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHEN ALLWINE, | |
| | Civil No. 24-439 (JRT/DLM) |
| Petitioner, | |
| v. | |
| | **MEMORANDUM OPINION AND ORDER** |
| WILLIAM BOLIN, *Warden of MCF Stillwater*, | **DENYING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE ORDER** |
| Respondent. | |

Stephen Allwine, OID #256147, Minnesota Corrections Facility Stillwater, 970 Pickett Street North, Bayport, MN 55003, *pro se* Petitioner.

Edwin William Stockmeyer III and Thomas R. Ragatz, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suites 1400, 1800, St. Paul, MN 55101; Patrick S. Collins, **WASHINGTON COUNTY ATTORNEY'S OFFICE**, 15015 Sixty-Second Street North, P.O. Box 6, Stillwater, MN 55082, for Respondent.

Petitioner Stephen Allwine appeals Magistrate Judge Douglas L. Micko's Order denying Allwine's motion to compel discovery and motion for an evidentiary hearing. Because the Court finds the Magistrate Judge's decision was not clearly erroneous or contrary to law, it will deny Allwine's appeal and affirm the Magistrate Judge's Order.

## BACKGROUND

Allwine is serving a life sentence after being convicted in state court of First-Degree Murder for the death of his wife, who died on November 13, 2016. *State v. Allwine*, 963 N.W.2d 178, 184 (Minn. 2021). He is currently incarcerated at the Minnesota Correctional

Facility in Stillwater, Minnesota. Incarcerated Individuals Search, Minn. Dep't of Corr., https://coms.doc.state.mn.us/PublicViewer (last visited Sept. 30, 2024). Allwine twice petitioned for post-conviction relief in the state court, which were both denied. *Allwine*, 963 N.W.2d at 184–85; *Allwine v. State*, 994 N.W.2d 528, 533 (Minn. 2023). Allwine also twice directly appealed from the state court's orders denying him post-conviction relief to the Supreme Court, which were also both denied. *Allwine*, 963 N.W.2d at 185, 191; *Allwine*, 994 N.W.2d at 533, 547.

Allwine then filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, presenting arguments for insufficient evidence supporting the jury's verdict, prosecutorial misconduct, ineffective assistance of counsel, and abuse of discretion by the trial court. (Pet. for Writ of Habeas Corpus, Feb. 12, 2024, Docket No. 2.) He also filed two motions: a motion to compel discovery he alleges was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Napue v. Illinois*, 360 U.S. 264 (1959), and a motion for an evidentiary hearing on his claims of ineffective assistance of counsel and prosecutorial misconduct. (Mot. to Compel at 1–2, Feb. 12, 2024, Docket No. 34; Mot. for Evidentiary Hr'g at 1, Feb. 12, 2024, Docket No. 35.) Allwine seeks to compel production of (1) trail camera images from November 13, 2016, (2) the notes from the investigator in the case, (3) Allwine's Bitcoin address from his cellphone and an image of his phones, (4) emails from the FBI between the pseudonym Allwine allegedly used to hire a hit against the victim and the Dark Web vendor, (5) emails between the victim and FBI

agents and an image of Allwine's laptop, (6) a list of cases in which the computer forensic expert who testified at trial was qualified as an expert, (7) a surveillance video from SuperAmerica, (8) police reports, (9) crime scene photos and lab reports, and (10) call and text logs from five different phone numbers. (Mot. to Compel at 4–20.) The record indicates that some of the requested discovery was either provided to defense counsel in writing, not collected by the prosecutors, or not in the State's possession. (Order at 4–10, Aug. 30, 2024, Docket No. 61.)

The Magistrate Judge denied Allwine's motions. (*Id.* at 12.) Allwine timely appealed the Magistrate Judge's Order and requested permission to exceed the local rules' line-limits in his appeal. (Appeal/Obj. of Magistrate Judge Decision, Sept. 12, 2024, Docket No. 62; Mot. for Oversized Filing at 1, Sept. 12, 2024, Docket No. 63.) Stillwater Warden William Bolin responded, urging the Court to affirm the Magistrate Judge's Order. (Resp. to Obj., Sept. 23, 2024, Docket No. 65.)

## DISCUSSION

### I.     STANDARD OF REVIEW

The standard of review applicable to an appeal of a magistrate judge's order on non-dispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 554, 556 (D. Minn. 2008) (internal quotation marks omitted).

Documents filed by pro se petitioners are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.      PETITIONER'S MOTION FOR OVERSIZED FILING

Under the local rules, objections to magistrate judge orders must not exceed 320 lines of text except with the court's permission. D. Minn. LR 72.2(c)(1)(A). Allwine filed a letter requesting permission to exceed the line limits in his appeal. By Allwine's count, his appeal is 461 lines of text long, which exceeds the 320-line limit imposed by the local rules. Because Allwine is a pro se litigant and good cause exists to grant his request, Allwine's appeal may exceed the line limits and the Court will accept his oversized filing.

## III.     PETITIONER'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER

In his appeal, Allwine challenges the Magistrate Judge's findings on his motion to compel and his motion for an evidentiary hearing. The Court will review Allwine's objections regarding both motions in turn.

### A. Motion to Compel

Allwine requested an order compelling discovery of various evidence he argues will help him establish constitutional violations in support of his petition for habeas relief. The Magistrate Judge denied Allwine's motion after finding he failed to establish good cause to compel the requested discovery.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, such litigants are entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." *Id.* (quoting Rule 6(a) of the Rules Governing § 2254 Cases). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009). In evaluating whether a petitioner has established good cause, courts "identify the essential elements of the petitioner's substantive claim, evaluate whether specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, and, if the petitioner has made such allegations, provide the necessary facilities and procedures for an adequate inquiry." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (citations and internal quotations omitted).

The question in this appeal is whether Allwine established good cause for an order compelling discovery of the requested evidence based on his alleged *Brady*, *Napue*, and ineffective assistance of counsel claims. Because the Court finds the Magistrate Judge's findings that Allwine failed to establish good cause on any of his raised grounds were not clearly erroneous or contrary to law, it will affirm.

### 1. Alleged *Brady* Violation

Allwine argues that the failure to disclose the requested discovery violated *Brady v. Maryland*, 373 U.S. 83 (1963) because it was improperly withheld pre-trial and would call into question significant aspects of the case, including whether Allwine played any part in his wife's death.

To establish a *Brady* violation, Allwine must show "(1) the prosecution suppressed evidence, (2) the evidence was favorable to him, and (3) the evidence was material to either his guilt or his punishment." *Mandacina v. United States*, 328 F.3d 995, 1001 (8th Cir. 2003) (citation and internal quotations omitted). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Stickler v. Greene*, 527 U.S. 263, 280 (1999). A "reasonable probability" is one "sufficient to undermine confidence in the outcome" of the trial. *United States v. Bagley*, 473 U.S. 667, 682 (1985).

The Magistrate Judge determined that Allwine failed to establish that the requested discovery was suppressed. In his appeal, Allwine claims that at different times the requested electronic evidence was in the possession of the Cottage Grove and

Woodbury Police Departments or Computer Forensic Services. But as the Magistrate Judge noted, Allwine relies on his own bare assertions that such evidence was suppressed, which is insufficient to sustain his *Brady* claim. Indeed, the record indicates that some of the requested discovery was either provided to defense counsel in writing, not collected by the prosecutors, or not in the State's possession. *See United States v. Brown*, 360 F.3d 828, 833 (8th Cir. 2004) (finding no suppression where record indicated that evidence was not in possession of the government before trial). Moreover, despite Allwine's argument to the contrary, the State and other relevant parties did not impermissibly suppress the evidence just because they required a fee or court order before providing Allwine access to any evidence they did have.

On favorability and materiality, Allwine argues that he has demonstrated a high probability that but for the State's failure to produce the requested discovery, the outcome of the trial would have been different. In particular, he claims that the requested evidence speaks directly to (1) the time of the victim's death, (2) whether Allwine cleaned the crime scene, (3) whether Allwine was behind the screen name that the State alleged Allwine used to hire a hit on the victim, (4) whether Allwine drugged the victim, (5) the credibility of the State's two key witnesses, (6) the credibility of the State's theory as a whole, and (7) whether Allwine killed the victim.

However, Allwine's bare allegations as to the content and impact of the requested discovery are insufficient to demonstrate that they are exculpatory or impeachment

evidence because they are merely speculative. "Mere speculation that materials may contain exculpatory evidence is not . . . sufficient to sustain a *Brady* claim." *United States v. Van Brocklin*, 115 F.3d 587, 594 (8th Cir. 1997) (citing *United States v. Agurs*, 427 U.S. 97, 109–10 (1976)). Allwine himself acknowledges that he is unaware of the content of some of the materials he seeks. Plus, he fails to offer anything more than his own opinion regarding the lack of credibility of the digital forensics expert who testified at trial—who Allwine claims erroneously linked him to the murder and thus represents a key component of the State's theory of the case. While a petitioner need not demonstrate that disclosure of suppressed evidence would result in an acquittal, which Allwine correctly notes is a less stringent standard than the preponderance-of-the-evidence, "[t]he mere possibility that an item of undisclosed information might have helped the defense" is not sufficient to establish a *Brady* violation. *Agurs*, 427 U.S. at 109–10; *see also Kyles v. Whitley*, 514 U.S. 419, 434 (1995). Indeed, the burden for demonstrating a *Brady* violation is high. *See Stickler*, 527 U.S. at 281 ("[T]here is never a real '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict."). Even assuming that together the requested evidence would have helped Allwine's defense, other significant material evidence at trial supported the jury's verdict in such a way that the requested evidence could not "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles*, 514 U.S. at 435; *see also*

*Allwine*, 963 N.W.2d at 186–88 (concluding that "there is no rational hypothesis other than guilt" based on the circumstantial evidence presented at trial).

Because Allwine has failed to demonstrate the necessary elements of his *Brady* claim, he has not shown that he would be entitled to habeas relief if the facts were more fully developed by issuing an order to compel production of the requested discovery. He has therefore failed to demonstrate good cause on this ground.

### 2. Alleged *Napue* Violation

Allwine argues that the prosecutors encouraged their witnesses to lie under oath, in violation of *Napue v. Illinois*, 360 U.S. 264 (1959). More specifically, he asserts that the State knowingly failed to correct false testimony about the contents of the SuperAmerica video and a certain phone call that Allwine insists did not take place, and that the State repeatedly encouraged their witnesses to lie under oath. In Allwine's view, if the Court finds that the State's witnesses lied on the stand, there is a reasonable probability that the outcome of the trial would have been different.

The prosecution's knowing use of false testimony to obtain a conviction is a violation of due process under *Napue*. *Id.* at 269. To prove a *Napue* violation, Allwine must show that "(1) the prosecution used perjured testimony; (2) the prosecution should have known or actually knew of the perjury; and (3) there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict." *United States v. West*, 612 F.3d 993, 996 (8th Cir. 2010) (quoting *United States v. Bass*, 478 F.3d 948, 951 (8th Cir. 2007)). "A *Napue* violation requires a new trial on any count of conviction on which

theviolation could in any reasonable likelihood have affected the judgment of the jury." *United States v. Ruzicka*, 988 F.3d 997, 1004 (8th Cir. 2021) (quoting *Napue*, 360 U.S. at 271).

The Magistrate Judge found that Allwine provided nothing other than his bare assertions that the trial testimony about the contents of the video or phone call were false or that the prosecution knew it was false and failed to correct the record.  As a result, Allwine failed to show how the surveillance footage or requested phone and text logs from different phone numbers would establish that he is entitled to habeas relief.  Because the Court agrees that Allwine has offered no evidence beyond his own assertions that the trial testimony regarding the contents of the video and call were false and that the State knowingly failed to correct the record, he has not shown that he would be entitled to habeas relief if the facts were more fully developed by issuing an order to compel production of the requested discovery.  He has thus failed to demonstrate good cause on this ground.

### 3. Ineffective Assistance of Counsel

Allwine also asks the Court to compel production of a hard copy of the investigator's notes, asserting that the notes are necessary to demonstrate ineffective assistance of counsel.  In his appeal, Allwine claims he cannot argue to what extent his counsel was ineffective without reviewing the discovery that counsel allegedly failed to request.

Claims of ineffective assistance of counsel are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on this claim, Allwine must show that his "counsel's performance was 'deficient' and that the 'deficient performance prejudiced the defense.'"  *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687).  Counsel's performance is deficient if the "representation fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  Counsel's performance is prejudicial if it "renders the result of the trial unreliable or the proceeding fundamentally unfair."  *El-Tabech v. Hopkins*, 997 F.2d 386, 389 (8th Cir. 1993).

Allwine's ineffective assistance of counsel claim failed twice before the Supreme Court, *see Allwine*, 963 N.W.2d at 189–90; *Allwine*, 994 N.W.2d at 536–46, and it fares no better here.  Allwine makes generalized allegations of ineffective assistance of counsel, arguing that his counsel failed to notice and request "missing reports," thus demonstrating ineffectiveness.  But with no additional evidence to support them, these allegations do not constitute deficient counsel performance.  And even if Allwine could establish deficient performance, he does not explain how the discovery he seeks through a motion to compel would support a showing that the performance was so prejudicial that it would render the result of his trial unreliable or fundamentally unfair.  Therefore, Allwine fails to establish good cause on this ground.

\*   \*   \*

In sum, Allwine did not make specific allegations demonstrating that he is entitled to habeas relief if the facts were more fully developed under *Brady*, *Napue*, or ineffective assistance grounds. As a result, the Court cannot conclude that the Magistrate Judge's denial of the motion to compel is clearly erroneous or contrary to law.

**B.    Motion for an Evidentiary Hearing**

Allwine requested an evidentiary hearing on his ineffective assistance of counsel and prosecutorial misconduct claims. The Magistrate Judge denied the request, concluding that given the depth of Allwine's record, an evidentiary hearing is not necessary to decide Allwine's claims.

Under 28 U.S.C. § 2254(e)(1), the Court must presume that the state court's factual findings are correct, and an evidentiary hearing is unnecessary where "there is no dispute as to the facts, or if the dispute can be resolved on the basis of the record." *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir. 1988) (citing *Brown v. Lockhart*, 781 F.2d 654, 656 (8th Cir. 1986)).

In his appeal, Allwine contends that he meets the evidentiary hearing requirements set forth under 28 U.S.C. § 2254(e) and discloses the type of evidence he would introduce at such a hearing, including electronic evidence and expert affidavits. He claims there are multiple material facts in dispute that must be resolved to decide his habeas petition, including whether the crime scene access log was withheld in violation of *Brady* or not discovered by trial counsel, whether trial counsel was ineffective for failing to hire experts or to complete a full discovery, whether the State violated Allwine's

-12-

constitutional rights by moving evidence where Allwine could not access it, and whether the prosecutor committed misconduct throughout the trial.

However, to be entitled to an evidentiary hearing, Allwine must show that the desired evidence underlying the ineffective assistance of counsel and prosecutorial misconduct claims would demonstrate "by clear and convincing evidence that . . . no reasonable factfinder would have found [Allwine] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). It cannot be said here, where it remains speculative as to the contents of the evidence, that the evidence would satisfy this high bar. The Magistrate Judge concluded that a review of Allwine's petition, the government's responses, the two Supreme Court decisions related to the state court proceedings, and other exhibits were sufficient to resolve Allwine's claims of ineffective assistance of counsel and prosecutorial misconduct claims. *See Amos*, 849 F.2d at 1072 (denying an evidentiary hearing where the depth of the record was sufficient to resolve petitioner's claims). The Court agrees. Given the presumption that the state court's factual findings are correct and the depth of the record available, the Court concludes that the Magistrate Judge's denial of Allwine's motion for an evidentiary hearing is not clearly erroneous or contrary to law.

## CONCLUSION

Because the Magistrate Judge's denial of Allwine's motion to compel discovery and motion for an evidentiary hearing is not clearly erroneous or contrary to law, the Court will affirm the Magistrate Judge's Order and deny Allwine's appeal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Oversized Filing [Docket No. 63] is **GRANTED**;

2. The Magistrate Judge's Order [Docket No. 61] is **AFFIRMED**; and

3. Petitioner's Appeal/Objection of the Magistrate Judge Decision [Docket No. 62] is **DENIED**.

DATED: November 25, 2024
at Minneapolis, Minnesota.

       s/John R. Tunheim
       JOHN R. TUNHEIM
       United States District Judge