**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

STEPHEN ALLWINE,

|  | |
|---|---|
| | Civil No. 24-439 (JRT/DLM) |

Petitioner,

v.

WILLIAM BOLIN, *Warden of MCF*
*Stillwater*,

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Respondent.

---

Stephen Allwine, OID #256147, MCF Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Petitioner.

Edwin W. Stockmeyer, III and Thomas R. Ragatz, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 600, St. Paul, MN 55101; Patrick S. Collins, **WASHINGTON COUNTY ATTORNEY'S OFFICE**, 15015 62nd Street North, Post Office Box 6, Stillwater, MN 55082, for Respondents.

Petitioner Stephen Allwine is serving a sentence of life in prison after his state court conviction for first-degree premeditated murder. Allwine seeks a writ of habeas corpus in federal court, alleging violations of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. On December 29, 2025, Magistrate Judge Douglas L. Micko issued a Report and Recommendation (R&R), recommending that the Court deny Allwine's petition. (Docket No. 96.) After careful review of Allwine's timely objections, the Court will adopt the R&R and deny Allwine's Petition for a Writ of Habeas Corpus.

**BACKGROUND**

## I.  FACTS

The facts and procedural history relating to Allwine's state court conviction and efforts to obtain post-conviction relief are set forth in the R&R.  (R&R at 2–7.)  Allwine is presently serving a sentence of life in prison after his state court conviction for first-degree premeditated murder.  *See State v. Allwine*, 963 N.W.2d 178 (Minn. 2021) ("*Allwine I*") (denying Allwine's appeal of his conviction and the denial of his first postconviction petition); *State v. Allwine*, 994 N.W.2d 528 (Minn. 2023) ("*Allwine II*") (denying Allwine's appeal of denial of his second postconviction petition).  Allwine appealed his conviction and the denial of his petition for postconviction relief to the Minnesota Supreme Court, which affirmed his conviction and the denial of his postconviction petition.  *See Allwine I*, 963 N.W.2d at 191.  Allwine brought a second petition for postconviction relief, and the Minnesota Supreme Court again affirmed the state trial court's denial of Allwine's petition.  *See Allwine II*, 994 N.W.2d at 547.

On February 12, 2024, Allwine filed a habeas petition in federal court, raising twelve separate grounds for relief, in which he alleges violations of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  (Pet. for Writ of Habeas Corpus ("Pet"), Feb. 12, 2024, Docket No. 2.)  On December 29, 2025, the Magistrate Judge issued an R&R recommending that the Court deny Allwine's petition in its entirety.  (Docket No. 96.)  Allwine timely objected to the R&R.  (Docket No. 98.)

**DISCUSSION**

I.      **STANDARD OF REVIEW**

A.      **Objections to Report and Recommendation**

After a magistrate judge issues an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, pro se litigants are not excused from failing to comply with substantive or procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

B.      **Federal Habeas Relief**

Habeas corpus relief is available to a state prisoner if they are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

A federal court may not grant habeas relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

A state prisoner must first exhaust state court remedies before seeking federal habeas relief. *Id.* § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). This requirement prevents the "unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation." *Davila v. Davis*, 582 U.S. 521, 527 (2017) (cleaned up).

To exhaust available state remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). Fair presentment requires a defendant to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (citation omitted). It is not enough to "make a general appeal to a constitutional guarantee as broad as due process." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010)

(cleaned up).  A federal claim has not been fairly presented "to state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Baldwin*, 541 U.S. at 32.

If a habeas petition contains claims that have not been fairly presented, the court must then determine if those claims are unexhausted or procedurally defaulted.  A claim is unexhausted if it has not been fairly presented in one complete round of the state's appellate review process.  *O'Sullivan,* 526 U.S. at 845.  A constitutional claim is procedurally defaulted if the state prisoner failed to exhaust state court remedies with respect to that claim and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). For procedurally defaulted claims, habeas review is barred unless the prisoner can show cause for the default and actual prejudice or that the failure to consider the claims will result in a fundamental miscarriage of justice.  *Id.* at 748.

## II.    ANALYSIS

Allwine's habeas petition raises twelve separate grounds for relief.[1]  (*See* R&R at 5–6.)  The Magistrate Judge concluded that Allwine failed to fairly present grounds 1, 2,

---

[1] Allwine's grounds for relief include the following: (1) "the evidence was insufficient to meet the State's legally required burden of proof" (Pet. at 7); (2) Fifth and Fourteenth Amendment violations due to "the prosecutor withholding exculpatory evidence" (*id.* at 40); (3) Fifth and Fourteenth Amendment violations due to "the Postconviction Court denying an evidentiary hearing" (*id.* at 58); (4) ineffective assistance of appellate counsel (*id.* at 79); (5)

4, 5, 6, 7, 8, 9, 11, and 12 in state court and that these grounds are now procedurally defaulted. *See State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) (holding "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."). As to grounds 3 and 10, the Magistrate Judge concluded that Allwine failed to allege any violation of a federal law or Constitutional right.

Allwine raises numerous objections to the R&R. However, even after liberally construing Allwine's pro se objections and reviewing the R&R de novo, the Court will overrule Allwine's objections, adopt the R&R, and deny the petition.

In *Allwine I* and *Allwine II*, the Minnesota Supreme Court considered Allwine's numerous claims for relief on direct appeal from his state court conviction and on appeal from the denial of his two petitions for postconviction relief. *See* 963 N.W.2d at 191; 994 N.W.2d at 547. The Court concludes that the Magistrate Judge correctly determined that grounds 1, 2, 4–9, 11, and 12 in Allwine's federal habeas petition were claims that were not fairly presented in state court, and that Allwine either knew or should have known of

---

impermissible presentation of "prior bad acts" evidence (*id.* at 96); (6) prosecutorial misconduct (*id.* at 99); (7) violations of *Brady v. Maryland*, 373 U.S. 83 (1963) and the Confrontation Clause (*id.* at 112); (8) violations of the Sixth and Fourteenth Amendments by denying Allwine access to his electronic device (*id.* at 115); (9) violations of the Sixth and Fourteenth Amendments for denying Allwine's application to proceed in forma pauperis (*id.* at 118); (10) denial of his request for oral argument and for counsel on appeal (*id.* at 120); (11) violations of his right to an impartial jury (*id.* at 125); and (12) violation of right to a fair trial due to the cumulative effect of all errors (*id.* at 131).

them at the time of his direct appeal. Accordingly, they were procedurally barred and therefore cannot serve as a basis for this Court to disturb Allwine's state court conviction. *See Hooper v. State*, 838 N.W.2d 775, 787 (Minn. 2013) (The *Knaffla* rule provides that when a petition for postconviction relief follows a direct appeal of a conviction, all claims raised in the direct appeal and all claims of which the defendant knew or should have known at the time of the direct appeal are procedurally barred." (citation omitted))

Moreover, the Magistrate Judge correctly determined that grounds 3 and 10 of Allwine's did not present any plausible claim for relief, as federal law does not recognize the rights to postconviction procedures and appellate counsel and oral argument that Allwine relies on in his petition. *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001) ("[E]ach state has created mechanisms for both direct appeal and state postconviction review . . . even though there is no constitutional mandate that they do so"); *Riley v. Lockhart*, 726 F.2d 421, 423 (8th Cir. 1984) ("[A] defendant has a constitutional right to counsel on his first appeal . . . but no such right attaches on subsequent discretionary appeals"); (*see also* R&R at 15–16, 24).

For these reasons, the Court will overrule Allwine's objections, adopt the R&R, and deny Allwine's Petition for a Writ of Habeas Corpus.[2]

---

[2] The Court may grant a Certificate of Appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that Allwine

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Petitioner Stephen Allwine's Objections to the Report and Recommendation

    (Docket No. [98]) are **OVERRULED**.

2.  The Magistrate Judge's Report and Recommendation (Docket No. [96]) is

    **ADOPTED**.

3.  Petitioner's Petition for Writ of Habeas Corpus (Docket No. [2]) is **DENIED**.

4.  No certificate appealability is issued in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  July 15, 2026
at Minneapolis, Minnesota.                                           JOHN R. TUNHEIM
                                                            United States District Judge

---

has not shown that reasonable jurists would find the issues raised in Allwine's § 2254 petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings.  The Court therefore declines to grant a Certificate of Appealability in this case.