**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

STEPHEN ALLWINE,

                                          Civil No. 24-439 (JRT/DLM)

                Petitioner,

v.

                                **ORDER DENYING PETITIONER'S MOTION**

WILLIAM BOLIN, *Warden of MCF*               **FOR STAY AND ABEYANCE**
*Stillwater*,

                      Respondent.

---

Stephen Allwine, OID #256147, MCF Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Petitioner.

Edwin W. Stockmeyer, III and Thomas R. Ragatz, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 600, St. Paul, MN 55101; Patrick S. Collins, **WASHINGTON COUNTY ATTORNEY'S OFFICE**, 15015 62nd Street North, Post Office Box 6, Stillwater, MN 55082, for Respondent.

      Petitioner Stephen Allwine is serving a sentence of life in prison after his state court conviction for first-degree premeditated murder. Allwine sought a writ of habeas corpus in this Court, alleging violations of his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. (*See* Pet. Writ Habeas Corpus, Feb. 12, 2024, Docket No. 2.) The Court denied the Petition, concluding that several of Allwine's alleged grounds for relief were procedurally defaulted in state court and that the others lacked merit. *Allwine v. Bolin*, Civ. No. 24-439, 2026 WL 2042776 (D. Minn. July 15, 2026). The Clerk of Court entered judgment on July 17, 2026. (Docket No. 101.)

On July 20, 2026, the Court received a Motion for Stay and Abeyance, which appears to have been mailed on July 15, 2026, the same day the Court issued its order denying Allwine's petition.  (Mot. Stay and Abeyance, July 20, 2026, Docket No. 102.) Allwine requested that the Court utilize the stay and abeyance mechanism recognized by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"  28 U.S.C. § 2254(b)(1)(A).  Habeas petitions that mix exhausted and unexhausted claims may not be adjudicated by federal district courts.  *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005). However, courts may stay mixed petitions and hold them in abeyance while a petitioner returns to state court to exhaust previously unexhausted claims.  *Id*. at 275–77.  This "stay-and-abeyance" procedure avoids the risk that a petitioner forever loses the opportunity for federal review of the unexhausted claims due to the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996.  *Id*.  Nevertheless, this procedure may only be used if "the petitioner had good cause for his failure to exhaust, [the] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id*. at 278.  Where stay and abeyance are not appropriate, courts should allow petitioners to delete their unexhausted claims and proceed with the exhausted claims.  *Id*.

Allwine's Motion for Stay and Abeyance must be denied here because his habeas petition was not a "mixed petition" of exhausted and unexhausted claims. Allwine's petition presented many claims that were not fairly presented in state court and were procedurally defaulted, alongside multiple additional grounds that failed to allege any violation of federal law. *Allwine*, 2026 WL 2042776 at *3. Because the *Rhines* stay-and-abeyance procedure is inapplicable to this case, Allwine's motion will be denied.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Stephen Allwine's Motion for Stay and Abeyance (Docket No. [102]) is **DENIED**.

DATED: August 7, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge